```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION
```

| | | |
|---|---|---|
| TONY HENDRICKS, aka | § | |
| LEON TASBY[1] | § | |
| (Tarrant No. 031850) | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:10-CV-011-Y |
| | § | |
| | § | |
| DAVID RICHARDS, et al. | § | |
| | § | |
| TONY HENDRICKS, aka | § | |
| LEON TASBY | § | |
| (Tarrant No. 031850) | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:10-CV-302-Y |
| | § | |
| | § | |
| MS. MARIA, et al. | § | |

OPINION and ORDER OF DISMISSAL OF EACH CASE UNDER 28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
    (With special instructions to the clerk of Court)

These cases are before the Court for review of pro-se inmate and plaintiff Tony Hendricks, aka Leon Tasby ("Hendricks")'s claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Hendricks, an inmate at the Tarrant County jail, filed two civil-rights actions seeking relief under 42 U.S.C. § 1983. In case number 4:10-CV-011-Y, the Court directed Hendricks to file an amended complaint, and informed him that it would look only to that document in reviewing his claims. Hendricks filed an amended complaint on June 1. In case number 4:10-CV-302, the Court directed Hendricks to file a more definite statement, and he filed a more definite statement on July 29, 2010. Thus, in case number 4:10-CV-302-Y, the Court reviews

---

[1] Tony Hendricks complains in both case 4:10-CV-011 and 4:10-CV-302, of actions taken against him in the name Leon Tasby. Thus, the Court directs the clerk of Court to also list the name "Leon Tasby" as an "also known as" identifier on the docket of these two cases.

both the form complaint and the more definite statement.

In case number 4:10-CV-011-Y, Plaintiff names as defendants private attorney David Richards and Maria Maris, a Tarrant County, Texas, probation officer. (Amend. Compl. Style; § IV(B).) In case number 4:10-CV-302-Y, Hendricks again named Maria Maris, and although he initially listed as a defendant "Tarrant County Adult Probation," in his more definite statement, he asked the Court to construe such claims as against Tarrant County, Texas. (Compl. Style; § IV(B); More Definite Statement ¶ 9.) Hendricks was initially placed on deferred adjudication probation on October 22, 2009, in cause number 1157625D in the 297th Judicial District Court, Tarrant County, Texas, on a charge of injury to a child, elderly or disabled person. (MDS, October 27, 2009, Petition to Proceed to Adjudication, attached thereto.) On October 27, 2009, the State of Texas, petitioned to find him guilty based upon the failure to comply with the terms of community supervision, in that he failed to report to a Tarrant County probation officer for the scheduled initial briefing on October 23, 2009. In these cases, Hendricks claims that he failed to report because he had a disability requiring him to use a wheelchair, that the Tarrant County probation office was not wheelchair accessible, and that Probation Officer Maris was indifferent to his requests for a later or different reporting time. (10-011, Amend Compl. § V; 10-302, Compl. § V; MDS at 1-10.) He alleges that attorney David Richards supported having the State proceed to adjudication of revocation, failed to confer with him, and failed to contact his niece to speak on his behalf about the underlying charge. (MDS at 3.) Hendricks alleges that Tarrant County was aware of his disability and his problems with accessibility while in a wheelchair, before he was placed on deferred adjudication. (MDS at 3.)

Hendricks alleges that Maris discriminated against him in violation of the Americans with Disabilities Act, and forced him to be revoked from community supervision, by not establishing visiting/reporting times that took into account his wheelchair confinement and physical disability.

(10-CV-011, Amend Compl. § V; 10-CV-302, Compl. § V.) Hendricks seeks an order to be reinstated on community supervision, and to be released from the obligation to pay court costs, fees, and fines imposed upon him by the 297th Judicial District Court. (10-CV-011, Amend Compl. § VI; 10-CV-302, Compl. § VI; MDS, November 9, 2009, Notification of Court Costs and Fines, attached thereto.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review and consideration of Hendricks's claims in these two cases, the Court concludes that they must be dismissed under authority of these provisions.

In order to assert a claim for a violation of 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[7] Hendricks has failed to satisfy the second element in the claims made the basis of this suit against David Richards. Hendricks has failed to show that David Richards, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[8] Although a private individual can be said to act under color of law if he acts in a conspiracy with state officials, Hendricks has asserted no such claims in this case. As Hendricks has not shown that defendant Richards acted under color of law, his claims against Richards must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

---

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[8]*See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

Hendricks asserts claims against Tarrant County, Texas. Although a county is a "person" within the meaning of § 1983, it may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[9] The Supreme Court, in *Monell v. New York City Department of Social Services*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.[10]

Thus, § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue."[11] Plaintiff Hendricks has not provided any factual allegations whatsoever of any such policy or custom against Tarrant County, Texas. Thus, Plaintiff's claims against Tarrant County, Texas must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Hendricks also asserts a violation the Americans with Disabilities Act ("ADA") by defendant Maria Maris, and although he has not cited a particular part, Title II prohibits discrimination against the disabled by a public entity.[12] Individuals, such as Maris, however, may not be

---

[9] *Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

[10] *Id.* at 694.

[11] *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(emphasis in original).

[12] 42 U.S.C.A. §§ 12131-12165 (West 2005 and West Supp. 2010).

sued under the provisions of Title II of the ADA.[13] Thus, Hendricks's claims against Maris under the ADA must be dismissed.

With regard to the remaining claims under 42 U.S.C. § 1983 and under the ADA, the Court concludes that Hendricks's claims are not cognizable. Plaintiff seeks from this Court injunctive-type relief and declaratory relief against county government officials for their actions which resulted in the revocation of his release to community supervision, and resulting conviction and incarceration in case number 1157625D in the 297th Judicial District Court. In *Heck v. Humphrey*,[14] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[15] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claims for injunctive relief and for declaratory relief may also be entered pursuant to *Heck*.[16]

---

[13]*See Marlin v. Davee,* No.1:07-CV-131, 2009 WL 2970513, at *5 (E.D. Tex. 2009)("[T]he Fifth Circuit has determined that plaintiff may not sue either individual defendants or the Bureau or Prisons under the ADA in a recent decision")(citing *Marlin,* 254 Fed. Appx. at 375); *see also Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n.8 (8th Cir. 1999), *cert. granted*, 528 U.S. 1146, *cert. dismissed,* 529 U.S. 1001 (2000); *see also Montez. Et al., v. Romer, et al.,* 32 F.Supp. 2d 1235, 1240-41 (D.Colo. 1999)(concluding that individual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the ADA).

[14]512 U.S. 477, 486-87 (1994).

[15]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[16]*See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)(extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)

Plaintiff's request to have this Court declare invalid the revocation of probation/community supervision and the resulting conviction upon the charge for which he originally received deferred adjudication, if successful, necessarily would imply the invalidity of his present sentence and imprisonment. In this regard, "*Heck* is applicable to 42 U.S.C. § 1983 claims that challenge revocation proceedings."[17] Furthermore, this Court finds the reasoning of another judge in this division persuasive to hold that *Heck* also applies to claims under the ADA:

> Although the Fifth Circuit has not yet considered whether the holding in *Heck* applies to ADA claims, other courts have determined that "the reasoning set forth in *Heck* to preclude section 1983 actions, applies equally to ADA claims." *Browdy v. Karpe,* 2004 WL 2203464, at *8 (D.Conn. 2004)(quoting *Miele v. Griffin, et al.* Case No. 3:00-CV-2239, slip op at 7-8 (D.Conn. Oct. 12, 2001); *see also Stanley v. Guilet, et al.* Case No. 3:00-CV-2070, slip op. at 10-11 (D.Conn. June 3, 2002). The Court finds the above decisions persuasive and holds that *Heck* applies to Plaintiff's § 1983 claims as well as to his ADA claims.[18]

Thus, both Hendricks's claims under § 1983 and under the ADA are not cognizable unless he has satisfied the conditions set by *Heck.* But Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[19] As a

---

(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[17]*Adongo v. Texas,* 124 Fed. Appx. 230, 2005 WL 27753, at *1 (5th Cir. 2005)(citing *Littles v. Bd. of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995) and *McGrew v. Texas Bd. Of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir. 1995)); *see also Gilliam v. City of Fort Worth, Texas,* 187 Fed. Appx. 387, 388-89 (5th Cir. 2006).

[18]*Miller v. Wayback House,* No.3:05-CV-1838-L, 2006 WL 297769 at *3 (N.D.Tex. Feb. 1, 2006) *report and recommendation adopted,* (N.D.Tex. March 31, 2006), *subsequently aff'd, Miller v. Wayback House,* 253 Fed. Appx. 399, 401 (5th Cir. 2007)(ADA claim abandoned on appeal).

[19]*See Adongo,* 2005 WL 27753, at *1.

result, Plaintiff's claims under § 1983 and under the ADA are not cognizable, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[20]

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims against David Richards and Maria Maris in case number 4:10-CV-011-Y, and against Maria Maris and Tarrant County, Texas, in case number 4:10-CV-302-Y, are DISMISSED WITH PREJUDICE; and all other claims in both case number 4:10-CV-011 and case number 4:10-CV-302 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[21]

SIGNED October 6, 2010.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[20]*See Heck*, 512 U.S. at 487-88; *Adongo*, 2005 WL 27753, at *1.

[21]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

8